### 76511. HAWLEY v. THE STATE.
#### (369 SE2d 340)

DEEN, Presiding Judge.

Appellant Hawley entered a guilty plea to shoplifting charges in the Fulton County Superior Court. Meanwhile, he was supposed to be serving a sentence in Canada and was wanted in California on Federal charges. He was ultimately convicted and sentenced to a prison term on the latter. He escaped from a Georgia jail and then sought to have the Georgia sentence made concurrent with the Federal sentence im-

posed in California, and to be given credit for the time served in Georgia. Georgia filed a detainer in California and declined (for technical reasons regarding the Canadian sentence and for the reason that at the time of his Georgia conviction he had not yet been convicted and sentenced in California) to adjust the Georgia sentence to run concurrently with either of the other sentences. He contends, *inter alia*, that his guilty plea was entered on the express condition that the Georgia sentence would be concurrent, and appeals from the denial of motions filed in his attempt to achieve the desired results regarding the sentences. *Held*:

Appellant contends that the Fulton County Superior Court erred by, *inter alia*, imposing a sentence that was unlawful, vague, "conditional," and based on "an unlawfully induced plea" and "a violated plea agreement"; by "preempting" his right to withdraw his guilty plea; by allegedly imposing sentence in his absence; and by denying him effective assistance of counsel.

Our examination of the record reveals that there is little, if any, factual support for appellant's allegations. The alleged errors which he enumerates turn out, on close inspection, to be merely appellant's interpretation of what occurred, and of the legal significance thereof. We find, for example, that the Georgia sentence was never "conditional" or "vague," as appellant asserts. We further find that the courts made a genuine effort to accommodate appellant by permitting, in so far as it lay within their means, his Georgia sentence to run concurrently with at least the Canadian sentence. The fact that Georgia is not a signatory to the treaty which allows such concurrency between Canada and certain states in this country was a legal obstacle not within the power of the Georgia courts to overcome. Appellant demonstrates either a remarkable myopia or a singular deficiency in gratitude towards Georgia officials. In the last analysis, there appears to be no basis for reversal of the judgment below.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MAY 4, 1988.

Robert B. Hawley, *pro se.*
Lewis R. Slaton, *District Attorney*, John G. Isom, *Assistant District Attorney*, for appellee.